NATALIA RODRÍGUEZ DE RAMÍREZ, ETC., Plaintiff and Appellee, *v.* CÁNDIDO OLIVERAS, SECRETARY OF EDUCATION OF PUERTO RICO, Defendant and Appellant.

No. R-63-188.     Decided December 3, 1965.

*Antonio J. Amadeo Murga* for appellant. *Virgilio Brunet* for appellee.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Natalia Rodríguez Ramírez, a teacher, brought suit against the Secretary of Education by way of mandamus to be reinstated in her position as Registrar of the Bayamón High School. According to her contentions admitted by the Secretary, during the school year 1961–62 she worked as Registrar of the Bayamón High School with a permanent appointment; she had worked in that position during the last five years and she had worked as teacher in said school during another 15 years. She has a Bachelor's Degree in Education from the University of Puerto Rico. At the beginning of the school year 1962–63 the Superintendent of Schools of Bayamón notified her by letter that she had been assigned, for that school course, to the Junior High School of Lomas Verdes as Registrar. During the month of July 1962, prior to the opening of the school course 1962–63 and prior to the filing of her complaint, the teacher challenged the said transfer before the Secretary of Education and requested to be heard and reinstated in her employment, which was not granted.[1]

---

[1] During the litigation, and in a motion pleading for the continuance of the trial, the defendant Secretary stated that he believed that the case

The trial court ruled that the plaintiff be reinstated in her position as Registrar of the Bayamón High School. Appellant Secretary maintains that the positions of Registrar of the High School and of the Junior High School are of the same category and that her transfer was a reassignment for the convenience of the service. Appellee contends that the transfer was unlawful, in violation of the act of permanent appointment of teachers in their positions, arbitrary and unfair, and as a punishment demoting her to a position of an inferior category for having made use of her right to travel during the activity month.

In accordance with the facts accepted by the Secretary of Education, there is no doubt that the plaintiff was entitled to occupy a position as teacher in the Bayamón High School pursuant to Act No. 312 of May 15, 1938, as amended. It was in that category that she acquired her permanent status. This Act provides that permanent teachers may be suspended or removed from office only for just cause, according to the provisions of, and the procedure prescribed by the School Law and the Regulations of the Department of Education.

When Act No. 312, establishing the permanent status of teachers in the category wherein it was attained, was approved there existed an elementary school from the first to the eighth grade and a high school from the ninth to the twelfth grade. On May 12, 1944 Act No. 312 was amended by Act 96. The Legislature recognized the existence of an "intermediate" school identified in the Act as "Junior High School." It was stated in a Statement of Motives that the

of the teacher, Mrs. Natalia Rodríguez Ramírez, had been considered as terminated, it being clear that Mrs. Rodríguez would be assigned for the next school course to the Bayamón High School. In the same petition it was requested that the case should not be set until the first of July, 1963, date on which the teacher would begin again assigned to the Bayamón High School, for which reason the litigation would be unnecessary. This motion is dated May 31, 1963. The reinstatement was not carried out.

teachers of these schools were recruited for the most part from the same teachers who, with the appointment of elementary teachers, worked in the higher grades of the elementary school, grades which were now included in the junior high school. In accordance with the foregoing it was provided in the amendatory act of 1944 that when a teacher contracted to practice as elementary teacher, either probation or permanent, comes to hold a position as high-school teacher assigned to a junior high school, said teacher shall keep in the new position the status of probation or permanent teacher, as the case may be, and that when a teacher of a junior high school, either probation or permanent, passes to an elementary school, he shall likewise keep in his elementary position the status of probation or permanent.

Act No. 94 of June 21, 1955 which provides for the certification of teachers in the public education system divides the school in elementary and secondary and establishes that the Elementary School includes from the first to the sixth grades and that the Secondary School comprises the intermediate school formed by the seventh, eighth, and ninth grades; and the high school, formed by the tenth, eleventh, and twelfth grades. This Act requires that a candidate, in order to be granted an elementary school teacher's certificate, hold a Normal School diploma or its equivalent, or a degree of Bachelor of Arts majoring in elementary schoolteaching, and to be granted a secondary school teacher's certificate, a degree of Bachelor of Arts or Bachelor of Science, majoring in education or its equivalent. Insofar as qualifications and competency are concerned, the Act treats the intermediate and the high schools alike as secondary schoolteaching, in contradistinction to the elementary schoolteaching.

In accordance with the legislative standards of Act No. 94 of 1955, we find no basis to conclude that the assignment of work in the junior high school to a teacher who had acquired her permanency in the high school involves, at law

and by itself, a degradation of the teacher in her work with deprivation of dignities, prestige, honors, and privileges, in the absence of a showing that by treatment, rule or administrative action authorized by law the high-school teacher enjoys benefits, privileges, and honors not granted in the intermediate school.

On the other hand, Act No. 312 of 1938, specifically adopted to insure that the teacher practice his profession in the same category in which he attained the right to be contracted as a permanent teacher in accordance with the provisions of this act, should not be ignored. It is a fact that teaching in the high school and in the intermediate (or junior high) schools belongs to different educational categories. The legislator thus recognized it in 1944 when he considered the intermediate school in itself, although part of the secondary school, as a separate category in the acquisition of permanency. In doing so he connected the intermediate school more with the former elementary school than with the former high school. It is conceivable if it is considered that of the three years of the intermediate school, two, the seventh and the eighth, were traditionally part of the elementary school. Only one, the ninth, belonged previously to the high school.

■ Even though there should be no degradation in the performance of the duties of the position, under normal circumstances, a teacher with permanency in the high school should have the right to practice in that school and not in the intermediate. Thus, the purposes of Act No. 312 are better served, as we have said that this type of legislation should be applied. *González* v. *Gallardo, Commissioner,* 62 P.R.R. 263, 268 (1943).

It is likewise significant that in 1944, when confronted with the situation created by the change in the teaching system, the legislator made permissible that an intermediate school teacher could be assigned to the elementary school, or vice versa, keeping their respective categories, but no pro-

vision was made on that score, nor was it made permissible for a permanent high-school teacher to pass to the intermediate school retaining this category.

The removal of appellee from her position as Registrar of the Bayamón High School was not justified by any cause. Likewise there was not preferment of charges nor was she heard by the Secretary. It appears from the evidence that the reason why the superintendent of schools considered her services as terminated in that position was the fact that he had been informed that appellee liked to devote the month of June to travel and that it was during said month of June that the registration of the Bayamón High School took place for the next year.

Act No. 39 of April 15, 1941 provided that the teachers shall be under contract and shall draw salaries for 12 school months, of which 10 months shall be devoted to the regular school course, 1 month shall be devoted to a program of educational activities additional to the activities of the regular course which the Secretary of Education shall fix, and the remaining month shall be enjoyed as vacations with pay in advance. On May 8, 1961, the Secretary of Education promulgated Circular Letter number 18 with relation to the activity month provided by law. Among other things it authorized as part of said activities the trips abroad for cultural purposes. The application to travel had to be filed with the office of the District Superintendent of Schools before April 15 each year and the Superintendent shall take action on the application. The teachers who do not want to travel should inform it to the Superintendent so that the latter may assign them work during the aforesaid activity month. Moreover, the teachers who travel should submit to the Superintendent, among other data, a report of the cultural program of the trip.

The record shows that in 1961 appellee wanted to make use of her right to go on a cultural trip and it was denied

because of the work. In the year 1962 she tried again to make use of that right and after it had been granted and she had made all the arrangements for the trip, she was not permitted to leave at the last moment, apparently because of her work as Registrar in the High School. There is evidence that there was an Assistant Registrar to whom permission was granted to study during this same activity month.

When the Superintendent was testifying over the reasons he had for removing appellee from her position, he said for the record: "At the commencement of work in the high school, the high school management deemed it proper to use during the registration period, which is in the month of June, a person with no commitments and *who also did not have the legal right*, which all teachers have during the activity month, to study or travel; inasmuch as Mrs. Ramírez had requested permission to travel on previous occasions and it had been granted, which caused us a problem because at the time of registration, when the presence of the registrar is most essential in the school, she could not be present." (Italics ours.)

■ If this was the real reason, we do not believe it was a just cause. We are constrained to conclude that appellee was removed from her permanent position in the high school because she wanted to make use of her legitimate vested right under Act No. 39 and the Circular Letter of the Secretary of Education. If the use of such a right created working problems, the record shows that there existed other ways to solve them, as in effect it appears that they were solved, but not by removing appellee from her position because she sought to make use of a legal right.

■ Now, if the true reason for the removal, as alleged by appellee, was a punishment for having actually taken the trip on this second occasion, and against the last order not

to leave, it could have caused a disciplinary problem of another nature as to which it is inappropriate for use to make any statement, which at present is incumbent upon the administrative sphere. Even so, her removal would always be repugnant to law in the absence of a preferment of charges and the opportunity to be heard as required by law.

For the reasons stated, the judgment rendered by the Superior Court, San Juan Part, ordering the Secretary of Education to reinstate the teacher, Natalia Rodríguez Ramírez, in her position as Registrar of the Bayamón High School, will be affirmed.